UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH BROWN, ET AL.,            :
     Plaintiffs            :
                                  :
    v.                            :   CIVIL NO.4:CV-07-1299
                                  :
                                  :   (Judge McClure)
CAMERON LINDSAY, ET AL.,           :
     Defendants            :

## **ORDER**

August 1, 2008

### **Background**

This *pro se* civil rights action under 42 U.S.C. § 1983 was initiated by seventeen (17) inmates who were confined together at the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan").  Service of the Complaint was previously ordered.

Presently pending is a motion for preliminary injunctive relief (Record document no. 70) filed by Plaintiff Abdullah Robert Brown.  Brown is presently confined at the Federal Correctional Institution, Big Spring, Texas (FCI-Big

Spring) .¹  In his pending motion, Brown states that officials at FCI-Big Spring violated his right to religious freedom by removing "all religious books from the Sunni Muslim libraries at FCI Big Spring Department, from Dar-Us-Salam Publications." *Id*. at 1.  As relief, Inmate Brown is apparently asking that his access to those publications at FCI-Big Spring be reinstated.

**Discussion**

**Standard of Review**

This Court has previously advised Plaintiff Brown that preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing *Skehan v. Board of Trustees of Bloomsburg State College*, 353 F. Supp. 542 (M.D. Pa. 1973)).  In considering whether to award preliminary injunctive relief, this Court must consider the following factors:  (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether

---

¹ On September 13, 2007, Plaintiff Brown notified this Court that he had been transferred to FCI-Big Spring.  *See* Record document no. 94.

granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)); *Instant Air Freight v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *Premier Dental Prods. Co. v. Darby Dental Supply Co.*, 794 F.2d 850, 852 (3d Cir.1986). It is the moving party who bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, No. Civ. A. 93-6120, 1993 WL 483166, at \*1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that, if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight*, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.*

The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir.

1985). Speculative injury does not constitute a showing of irreparable harm. *Continental,* 614 F.2d at 359; *see also Public Serv. Co. v. West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987). Nor does it appear that the temporary loss of income, ultimately to be recovered, is enough to constitute irreparable harm. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Instant Air Freight*, 882 F.2d at 801 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1964)).

### **Jurisdiction**

Defendants' opposing brief to Plaintiff Brown's request for preliminary injunctive relief asserts that the inmate's motion should be denied because this Court lacks jurisdiction regarding any claims of unconstitutional conduct which are purportedly occurring at FCI-Big Spring. *See* Record document no. 117, p. 4.

The underlying Complaint in this matter contends that officials at USP-Canaan violated Plaintiffs' right to religious freedom by removing all religious books published by Dar-Us-Salam Publications from the Chapel library at USP Canaan. While the substance of the Complaint is similar to the allegation underlying Inmate Brown's pending request for preliminary injunctive relief, USP-Canaan is located within the confined of this Court while FCI-Big Spring is

not. This Court agrees with Defendants' argument that any claim by Brown regarding deprivation of his right to religious freedom at FCI-Big Spring should be asserted in the judicial district where FCI-Big Spring is located.

**Mootness**

In a brief supporting their pending motion to dismiss and for summary judgment, defendants acknowledge that during the Spring, 2007 the Bureau of Prisons (BOP) instructed certain publications be pulled from chapel libraries at federal correctional facilities. *See* Record document no. 133. However, the BOP reversed its policy on September 28, 2007 and prison chaplains have been instructed to return "all religious books including the Dar-Us-Salam publications to the chapel library shelves." *Id.*

A federal court's adjudicatory power depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414

U.S. 488, 495-96 (1974)).

Based upon Defendants' assertion that the BOP has instructed that chaplains should return all religious publications to chapel libraries at all federal correctional facilities, Brown's motion for preliminary injunctive relief also appears to be subject to dismissal on the basis of mootness. Consequently,

**IT IS HEREBY ORDERED THAT**:

> Plaintiff Brown's motion for preliminary injunctive relief (Record document no. 112) is DENIED.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge