UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH BROWN, ET AL., :
    Plaintiffs :
 :
v. : CIVIL NO.4:CV-07-1299
 :
: (Judge McClure)
CAMERON LINDSAY, ET AL., :
    Defendants :

## **ORDER**

August 14, 2008

**Background**

    Seventeen (17) inmates who were confined together at the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan") filed his *pro se* civil rights action under 42 U.S.C. § 1983. One of the Plaintiffs is Abdullah Robert Brown who is presently confined at the Federal Correctional Institution, Big Spring, Texas (FCI-Big Spring).[1]

    The Complaint alleges that USP-Canaan officials violated Plaintiffs' right to religious freedom by removing religious books from the Sunni Muslim library

---

[1] On September 13, 2007, Plaintiff Brown notified this Court of his transfer to FCI-Big Spring. *See* Record document no. 94.

at USP Canaan which were published by Dar-Us-Salam Publications.

Presently pending is Brown's motion to file an Amended Complaint. *See* Record document no. 103. In his motion, Brown states that he wishes to amend his Complaint to include claims against the Warden and Chaplain at FCI-Big Spring. *See* Record document no. 103, ¶ 2. In his motion and accompanying proposed Amended Complaint, Inmate Brown indicates that he still wishes to proceed with his original claims and simply wishes to add similar claims based on conduct which has taken place at his new place of incarceration, FCI-Big Spring.

## **Discussion**

Based upon a review of Plaintiff Brown's pending motion to amend, it is apparent that the motion is more properly characterized as seeking leave to file a Supplemental Complaint. Federal Rule of Civil Procedure 15(d) provides:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental complaints are not barred merely because they set forth new claims. However, "when the matters alleged in a supplemental pleading have no

relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, *Federal Practice & Procedure: Civil* § 1506 at 551 (1971). A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, granting of a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting a plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. *Id.*

Plaintiffs' original complaint was filed on July 17, 2007. Inmate Brown clearly indicates that the purpose of his proposed supplemental complaint is to raise similar claims of constitutional misconduct which occurred following his September 2007 transfer to FCI-Big Spring. It is noted that there is no indication

that any of the remaining sixteen (16) Plaintiffs have also been transferred to FCI-Big Spring or otherwise concur in the submission of a supplemental complaint.

The allegations and facts asserted in the proposed supplemental complaint, including the claims against proposed additional defendants, are not directly connected to the USP-Canaan related claims and facts which are the basis of the Original Complaint. Second, Brown's motion to supplement was submitted well after the initiation of this action. Furthermore, any claim by Brown regarding deprivation of his right to religious freedom at FCI-Big Spring should be asserted in the judicial district where FCI-Big Spring is located.

Based upon the above factors, to permit the filing of a supplemental complaint containing facts, additional defendants and allegations solely regarding Inmate Brown which transpired at FCI-Big Spring, a correctional institution which is not located within the jurisdiction of this Court and containing allegations which are not directly related to the original claims would be prejudicial and cause undue delay. Consequently, based on an application of the factors announced in *Nottingham,* Brown's motion to file a supplemental complaint will be denied. The moving Plaintiff, if he so chooses, may reassert his proposed supplemental claims in a new action in a court of appropriate jurisdiction. An appropriate Order will enter.

**IT IS HEREBY ORDERED THAT:**

1. Abdullah Brown's motion to amend (Record document no. 103) is construed as requesting leave to file a supplemental complaint.

2. Plaintiff Brown's motion seeking leave to file a supplemental complaint is denied.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge